122 558
f128 178
122 558
130 179
122 558
131 400
131 401
122 558
f134 551
122 558
e137 281
137 288
122 558
149 158

## J. P. McCURRIE, Appellant, v. SOUTHERN PACIFIC COMPANY, Respondent.

Negligence—Province of Judge and Jury—Instruction to Find Verdict.—When the negligence of the defendant is the basis of plaintiff's right to recover, it is the province of the judge to determine whether the evidence for the plaintiff tends to establish negligence, and to withdraw the case from the jury, if there is no evidence from which they would have the right to infer negligence; but if negligence may be inferred from the evidence, it is the province of the jury to determine its sufficiency, and the judge has no right in such case to substitute his judgment for that of the jury, and should refuse an instruction to find a verdict for the defendant.

Id.—Liability of Carrier of Passengers—Extreme Care.—The carrier of passengers is required to exercise the highest degree of care in their transportation, and is responsible for injuries received by them as passengers which might have been avoided by the exercise of such care.

Id.—Injury to Passengers—Prima Facie Case—Presumption—Burden of Proof.—A prima facie case is established when the plaintiff shows that he was injured while being carried as a passenger by the defendant, and that the injury was caused by the act of the carrier in operating the instrumentalities employed in his business. In such case there is a presumption of negligence, which throws upon the carrier the burden of showing that the injury was sustained without negligence on his part.

Id.—Jerking of Train When Stopped—Injury from Closing Door—Error in Directing Verdict.—Evidence tending to show that plaintiff was injured at a regular station at which the train had stopped, owing to the sudden jerking of the train backward and forward, by reason of which he lost his balance, and was compelled to steady himself by taking hold of the casing of the door, when the door swung to and injured his hand, is sufficient to authorize a jury to find a verdict in his favor, and it is error for the court, upon such evidence, to direct a verdict for the defendant.

Id.—Fastening of Door Immaterial.—It appearing that the door was swung to by reason of the jerking of the train, the sufficiency or extent to which it was fastened back by the conductor was immaterial.

Id.—Contributory Negligence—Going upon Platform to Meet Relative.—It was not contributory negligence, as matter of law, for the plaintiff to leave his seat when the train stopped, and to attempt to go upon the platform for the purpose of meeting his son, who was waiting at the station to see him.

.APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

F. J. Castelhun, for Appellant.

The negligence of the defendant was the proximate cause of the injury; and there was no contributory negligence of the plaintiff, as matter of law, and the question should have been submitted to the jury.  (*Smith v. Occidental etc. Co.*, 99 Cal. 467; *Seigel v. Eisen*, 41 Cal. 109; *Newton v. Central Vt. Ry. Co.*, 80 Hun, 491; *Madden v. Missouri Pac. R. Co.*, 50 Mo. App. 666.)

W. H. L. Barnes, for Respondent.

The plaintiff was guilty of contributory negligence, which precluded a recovery.  (*Crafter v. Metropolitan Ry. Co.*, L. R. 1 C. P. 300; *Metropolitan Ry. Co. v. Jackson*, L. R. 3 App. Cas. 193; *East Tenn. etc. Ry. Co. v. Green*, 95 Ga. 736; *Chicago etc. Ry. Co. v. Mahara*, 47 Ill. App. 208; *Texas etc. Ry. Co. v. Overall*, 82 Tex. 247; *De Soucey v. Manhattan Ry. Co.*, 15 N. Y. Supp. 108; 39 N. Y. S. R. 79.)

HARRISON, J.—Action to recover damages for personal injury alleged to have been sustained by reason of the negligence of the defendant.  The appeal is from a judgment in favor of the defendant, and from an order denying a new trial.

The plaintiff testified that he purchased from the defendant a ticket to go from San Francisco to Tennant's Station, in Santa Clara county, and that he boarded the train at Third and Townsend streets in San Francisco. He further testified: "When we arrived at Twenty-fifth and Valencia streets the brakeman or conductor opened and fastened the front door of the car in which we were sitting in the usual way.  I waited until I saw the door was fastened and the train stopped, and then got up to look for my son, who was waiting to see us.  I went to the front to beckon to him, because the train does not stop there long.  As I got to the platform the train suddenly backed with a very great jerk, so violently that it threw me off my balance, and to save myself I caught hold of the casing of the door.  Just then the door

swung to and struck my hand, cutting three fingers very severely"; and on cross-examination he testified: "I left my seat after the train stopped, and went to the front platform of the car and stood partly in and out of the car, just in the doorway. I won't be certain whether I stood on the platform or whether I was in the doorway, because the time was short. I called my son, and he came up. The car gave a lurch backward, I think. I caught hold of the casing of the door to save myself from falling, and just then the door swung to and caught my hand. I went back to my seat, led by my son." His wife testified: "We boarded the train together at Third and Townsend streets. At the Valencia street station the car stopped, and my husband went out to the platform to beckon to our son to come into the car and see me. The train gave a violent jerk backward and then forward. I thought it would throw him to the ground. He put out his hand to take hold of the door casing, and then the door became unfastened and swung to and struck his hand. My son assisted him back to his seat. He was very faint." His son testified that he was waiting at the Valencia street station to see his father, and said: "When I got opposite the platform, I saw him coming through the door. Just as I was about to step up on the platform, the train went back with a sudden jerk, and then went ahead with a jerk. I had to look out for myself, for the train was moving a little. I saw he was falling. I tried to save him. He had thrown his hand up and caught hold. I did not see the door strike his hand, but I saw it as it swung back again. I led him back to his seat. The jerk was very violent—a jerk sufficient to make him lose his balance." Testimony tending to show the extent of the injury was also given on behalf of the plaintiff, and at the close of his testimony the court, upon the motion of the defendant, instructed the jury to find a verdict in favor of the defendant, which was accordingly done.

When the negligence of the defendant is the basis of the plaintiff's right of recovery, it is the province of the judge to determine whether the evidence submitted by the plaintiff has any legal tendency to establish negligence, and it is for the jury to determine whether it is sufficient therefor. If there is no evidence from which a jury would have the right to infer negli-

gence, the judge may withdraw the case from them; but, if the evidence is such that negligence may be inferred, he has not the right to withdraw the question from the jury upon the ground that in his opinion they ought not to make such a finding, and thus substitute his judgment for theirs upon a question of fact which the plaintiff has the right to have determined by a jury. If the evidence in a case would authorize a jury to find a verdict in favor of the plaintiff, the court is not at liberty to take the case from the jury and substitute his own determination of that question for that of the jury.  The rule is the same whether the court is asked to grant a nonsuit or to direct a verdict in favor of the defendant.  In either case the motion should be denied if there is any evidence from which the jury would be authorized to find a verdict in favor of the plaintiff.

The evidence on behalf of the plaintiff showed that the relation of passenger and carrier existed between him and the defendant at the time he received the injury; and there was also evidence tending to show that the injury was caused by the act of the defendant in the management and conduct of the train in which it had undertaken to carry him as a passenger.  A *prima facie* case is established when the plaintiff shows that he was injured while being carried as a passenger by the defendant, and that the injury was caused by the manner in which the defendant used or directed some agency or instrumentality under its control.  The carrier of passengers is required to exercise the highest degree of care in their transportation, and is responsible for injuries received by them while in the course of transportation which might have been avoided by the exercise of such care.  Hence, when it is shown that the injury to the passenger was caused by the act of the carrier in operating the instrumentalities employed in his business, there is a presumption of negligence which throws upon the carrier the burden of showing that the injury was sustained without any negligence on his part.  The case then falls within the rule given by Shearman and Redfield on Negligence, section 59: "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of ex-

planation by the defendant, that the accident arose from a want of care." (See, also, *Boyce v. California Stage Co.*, 25 Cal. 460; *Treadwell v. Whittier*, 80 Cal. 574; 13 Am. St. Rep. 175; *Bush v. Barnett*, 96 Cal. 202; *Judson v. Giant Powder Co.*, 107 Cal. 549; 48 Am. St. Rep. 146; *Madden v. Metropolitan etc. Ry. Co.*, 54 Mo. App. 666; *Dougherty v. Missouri R. R. Co.*, 81 Mo. 325; 51 Am. Rep. 239; *Lavis v. Wisconsin Cent. R. R. Co.*, 54 Ill. App. 636; Wharton on Negligence, sec. 661; Cooley on Torts, *663.)

At the time the plaintiff received the injury the train had stopped at one of its regular stations upon the road, and after it had stopped was moved backward with a sudden jerk, and then suddenly forward, by reason of which the plaintiff lost his balance and was compelled to steady himself by taking hold of the casing of the door. The evidence tended to show that the injury to him resulted from the manner in which the train was moved by the defendant after it had stopped. If the case had been submitted to the jury upon this evidence, it would have been sufficient to authorize a verdict in his favor (*Bush v. Barnett, supra*), and the court erred in directing a verdict for the defendant. It would appear that the door swung to by reason of the jerking of the train, and, if so, the sufficiency or extent to which it was fastened back by the conductor was immaterial. It cannot be said as a matter of law that the plaintiff, by leaving his seat after the train had stopped, and attempting to go to the platform for the purpose of meeting his son, was guilty of any negligence which contributed to his injury.

The judgment and order are reversed. ·

Garoutte, J., Temple, J., Henshaw, J., Beatty, C. J., and Van Fleet, J., concurred.

McFarland, J., dissented.