## BASSETT v. LOS ANGELES TRACTION COMPANY.

### L. A. No. 875; June 26, 1901.

#### 65 Pac. 470.

Carriers—Injury to Passenger—Presumption of Negligence.—Where it is shown that an injury to a passenger was caused by the act of the carrier in operating the instrumentalities employed in his business, there is a presumption of negligence, which throws on the carrier the burden of showing that the injury was sustained without any negligence on his part; and hence a verdict for plaintiff for injuries against a street railroad will not be reversed because the evidence fails to show that the rate of speed of the car at the time of the accident was excessive, or that the excessive rate of speed or other negligence of defendant was the proximate cause of

the injury, since it is sufficient that it fails to show that it was not so.

   **Carriers—Injury to Passenger.—The Admission of Evidence** that defendant's cars had been running slower at the place where the accident occurred since it happened was harmless, if erroneous.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Action by Kate Bassett against the Los Angeles Traction Company. From a judgment in favor of plaintiff and an order denying a motion for a new trial defendant appeals. Affirmed.

E. H. Lamme and E. E. Millikin for appellant; Byron L. Oliver and John W. Kemp for respondent.

SMITH, C.—The plaintiff recovered damages against the defendant in the sum of $750 for personal injuries suffered by her while a passenger on one of the defendant's street railway cars. The car in which she was riding ran off the track at a point on Eighth street in the city of Los Angeles, and she was thereby thrown to the floor of the car and suffered the injuries complained of. The derailment, which took place in the daytime, was caused by a small stone or pebble on the outer rail of the track, which at this point was slightly curved. The principal question considered by the court, as appears from the opinion appended to the appellant's brief, was as to the rate of speed at which the car was running at the time of the accident. It appeared from the evidence that the general rate of speed used by the defendant was in excess of the statutory limit (Civ. Code, sec. 501), being over the whole route, including stoppages, in excess of ten miles, and over the section (of nine thousand two hundred and sixteen feet) where the accident occurred in excess of thirteen miles, per hour; and, on the particular day in question, from the terminus to the place of the accident, it was about or in excess of twelve miles an hour. From these facts, taking in consideration stoppages, and reduction of speed in passing curves, the court arrived at the conclusion that the rate of speed at the time of the accident was largely in excess of the statutory limit, and that this constituted negligence in law, and, irrespective of other evidence on the point,

rendered the defendant responsible. There was also evidence of opinion pro and con by witnesses as to the actual speed of the car at the time of the accident. But this evidence, being conflicting, and being in fact of little intrinsic value, may, in view of the finding of the court, be disregarded. The conclusion of the court is contested by the appellant's counsel; and it is argued, in effect, that the evidence was insufficient to show that the rate of speed at the time of the accident was excessive. But whether they are right in this need not be considered. It is sufficient that the evidence fails to show the contrary. The rule as established in this state is that, "when it is shown that the injury to the passenger was caused by the act of the carrier in operating the instrumentalities employed in his business, there is a presumption of negligence, which throws upon the carrier the burden of showing that the injury was sustained without any negligence on his part": McCurrie v. Southern Pac. Co., 122 Cal. 561, 55 Pac. 324, and authorities there cited. These authorities also dispose of the contention of the appellant that the evidence was insufficient to show that the excessive rate of speed or other negligence of defendant was the proximate cause of the plaintiff's injury. It is sufficient that it did not show the contrary.

Another point made by the appellant is that the court erred in admitting the testimony of a witness "to the effect that the defendant's cars had been running slower at the point where the derailment occurred since the accident." This evidence was perhaps inadmissible for the purpose of showing an excessive rate of speed at the time of the accident; but it does not seem to have been introduced for that purpose, but, rather, as a standard of comparison to enable the witness to render more definite her testimony as to the speed of the car at the time of the accident. It failed in its purpose, and probably, on motion, would have been stricken out; but in view of the more definite evidence in the case, and the view of it taken by the court, it could not in any way have injured the defendant, and, if erroneous, must be regarded as immaterial. I advise that the judgment and order appealed from be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.