## WILKINS v. PULLMAN CO.

### (Circuit Court, E. D. Pennsylvania. February 3, 1909.)

### No. 176.

CARRIERS (§ 411*)—SLEEPING CARS—INJURY TO PASSENGER—NEGLIGENCE.
  Plaintiff, a sleeping car passenger, during the night went to the ladies' dressing room, and, seeing the porter there, closed the door, and placing her hand, as she thought, on the side of the passageway, started back to her berth. The porter opened the door, came out, and closed it after him, when he discovered that plaintiff's fingers in some manner had been caught in the jamb. *Held* that, in the absence of proof that the porter had any knowledge that plaintiff's hand was in a dangerous position when he closed the door, there was no negligence.

  [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1579; Dec. Dig § 411.*

  Duties and liabilities of sleeping car companies, see notes to Duval v. Pullman Palace Car Co., 10 C. C. A. 335; Edmunson v. Pullman Palace Car Co., 34 C. C. A. 386.]

At Law. On motion to take off nonsuit.

Theodore J. Grayson, for plaintiff.
C. Andrade, Jr., and John E. Faunce, for defendant.

HOLLAND, District Judge. The view which the court took of this case is sufficiently indicated by the following extract from what was said when the nonsuit was granted at the trial of the case:

"The evidence in this case shows no more than that Miss Wilkins, the plaintiff in this case, went to the dressing room, some time in the morning before daylight, and there she was startled as she opened the door by seeing a man in the dressing room. She did not recognize him in the dim light as being the porter. Being startled, she turned back—let go of the door and turned ed back—and the car swayed, and she put her hand up along the side, and evidently, from her testimony, she put her hand there in the crack of the door near the hinges, or I suppose you would call it the jamb of the door, where it closes, and it either swung shut by the swaying of the car or the porter pushed it shut. It would be a natural thing for the porter to push the door shut which was opened on him in that way, especially if he saw it was a woman in her nightdress about to come in. If he was in there attending to his legitimate business, it would be a natural thing for him to do that; and if he did push the door shut on her fingers the company is not responsible, because there is no evidence here that he saw her fingers, or that he knew that

she was in danger. The testimony is that he was as kind and as attentive as it was possible to be, showed his sympathy, and said that he did not intend to do it, after he discovered what had been done. The evidence, as I say, shows it was an accident for which the company is not responsible; and it is therefore the duty of the court to enter a nonsuit, and a nonsuit is accordingly entered."

Upon the whole of the plaintiff's testimony there was a failure to show any negligence on the part of the defendant's servant in opening and closing the door which caused the accidental crushing of the plaintiff's fingers. The facts are not similar to those in McCurrie v. Southern Pacific Co., 122 Cal. 558, 55 Pac. 324, upon which the plaintiff relies. In that case the passenger, while standing in the doorway of a car of a train which had stopped at a station, was thrown off his balance by a sudden backward and forward jerk of the car, and to save himself from falling caught hold of the casing of the door, which slammed upon his fingers. The question of the company's negligence was for the jury, and in the course of the opinion the court quoted from Shearman & Redfield on Negligence, § 59, as follows:

"When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care."

Applying the rule laid down by Shearman & Redfield to the facts in the McCurrie Case, we find it a proper case to submit to the jury, because the movement of the train was under the management of the defendant's servants, and in the ordinary and careful moving of a train the passenger would not have been compelled to catch hold of the casing to prevent himself from falling. If the engineer negligently and recklessly jerked the train backward and forward, and thereby caused the passenger to place his hand upon the casing to prevent his falling, and at the same time the door came shut and crushed his fingers, it was because of the negligent moving of the train by the defendant's servants that the passenger, in the emergency, placed his fingers in a dangerous place; but in the case at bar there is no evidence to show there was any negligence on the part of the defendant or its servant who had the management of the dressing room. The plaintiff, some time in the night, went to the ladies' dressing room, and, seeing the porter there, closed the door, and, placing her hand—as she thought—upon the side of the passageway, started back to her berth. The porter opened the door, came out, and closed it after him, when he discovered that the plaintiff's fingers had been caught in the jamb. He did not know her hand was there when he closed the door, and it was simply an accident, for which the company cannot be held responsible. There was no negligence on the part of the porter, or any of the other train hands, putting the plaintiff in a position of danger, which caused her to thrust her hands in that position, where the door in closing caught and caused the injury.

There is nothing to show that the porter had no right to be in the dressing room at that time, as he has the care and charge of the whole of the Pullman car. It was the proper thing for him to immediately

vacate the dressing room upon notice of the plaintiff's desire to enter, and in opening and closing the door in coming out of the apartment the plaintiff's fingers were crushed. This fact alone cannot raise the presumption of negligence, and negligence must be established before a recovery can be had.

The motion to take off the nonsuit is overruled.