[Civ. No. 3950.   First Appellate District, Division Two.—September 24, 1921.]

SARAH GOLDSTEIN, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

[1] NEGLIGENCE—PASSENGER ON STREET-CAR—EVIDENCE—SUDDEN JERKING OF CAR—PRIMA FACIE CASE.—In an action for personal injuries sustained while plaintiff was a passenger on a street-car of

---

1. Negligence in starting a street-car with a jerk, notes, Ann. Cas, 1912D, 582; 23 L. R. A. (N. S.) 891; 34 L. R. A. (N. S.) 225.

defendant, proof that the injury proceeded from a sudden, un-
usual, or violent jerking or swaying of the car while the plain-
tiff was preparing to seat herself therein made out a *prima facie*
case of negligence, and cast upon the defendant the burden of
proving that the injury was occasioned by unavoidable casualty,
or some other cause which human care and foresight could not
reasonably prevent, or by contributory negligence on the part of
the plaintiff.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco. John Hunt, Judge.
Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon and Kingsley Cannon
for Appellant.

Andrew W. Roberts and M. H. Hernan for Respondent.

NOURSE, J.—This is an action for damages for personal
injuries sustained while plaintiff was a passenger on a
street-car of defendant. A verdict of $1,250 was returned
in favor of plaintiff, and from the judgment following de-
fendant appeals.

With relation to the circumstances of the accident the
evidence shows: About midnight of November 30, 1917,
plaintiff, accompanied by a woman friend, boarded a street-
car of defendant in front of the Ferry Building, in the city
and county of San Francisco. The track at this place
forms a loop or curve leading back into Market Street
and away from the Ferry Building. The car in question
stopped about the middle of this loop. Plaintiff entered
the car and was just about to be seated when it started
around the loop to go out Market Street and she fell or
was thrown to the floor, suffering the injuries complained
of. The complaint alleges that the motorman turned on
the electric current suddenly and with great force and
strength, causing the car to start or bound forward with
great speed around the loop or curve, and that the sudden
speed with which the car was started around the loop or
curve caused plaintiff to be precipitated to the floor of
the car, and in falling her head, limbs, and body were
thrown on and against the seats of the car with great force

and violence, severely bruising and injuring her. Plaintiff's proof consists of the testimony of herself and companion and that of two disinterested fellow-passengers who witnessed the accident, there being on the car at the time but three passengers besides plaintiff and her friend. Their testimony fully substantiated the allegations of the complaint. Opposed to this was the testimony of the motorman and one Shields, the third passenger on the car. The motorman testified that the car moved slowly around the curve in question and that from the time he started the car until he received the three bells he had never had his controller beyond two points—that a car is hardly moving at two points. Shields testified that he was sitting in a lengthwise seat on the left-hand side of the car about four or five feet from the door when plaintiff fell; that the car "was going the same way they always go, moderate rate of speed, not very fast; it was not going fast at all, for that matter"; that he noticed no jerk whatsoever; and so far as he could observe plaintiff lost her balance.

The points raised on appeal are: (1) Insufficiency of the evidence to establish negligence of defendant; (2) negligence of plaintiff; and (3) error in instructing the jury. Referring first to respondent's alleged negligence, there is no evidence of either the commission or omission by respondent of any act from which such negligence might be inferred. Appellant's whole argument in support of this contention assumes that the car was properly operated— the very question in issue—and that, therefore, the fact that respondent fell and was injured while the car was traveling around the curve is proof that she failed to guard against the swaying and swinging necessarily incident thereto, and amounted to negligence. Negligence on the part of respondent cannot be established in this way.

The instruction under review is: "You are instructed that contributory negligence upon the part of the plaintiff cannot be presumed from the mere fact of injury, but must be proved. On the other hand, proof of the injury, proof that it proceeded from a sudden, unusual, or violent jerking or swinging or swaying of the car while the plaintiff was preparing to seat herself in the car, casts upon the defendant the burden of proving that the injury was occasioned by unavoidable casualty or some other cause

which human care and foresight could not reasonably prevent, or by contributory negligence upon the part of the plaintiff.'' Appellant urges that the evidence does not show facts which justified the giving of this instruction and that· it was misleading to the jury—that the evidence relating to the circumstances of the accident consisted of mere expressions of conclusions of witnesses that the jerk was unusual and violent. This criticism is not merited. The witnesses testified to the physical facts. The evidence shows the relation of carrier and passenger and that the fall which resulted in respondent's injuries was caused by the violent jerking of the car. There is no question here of negligence on the part of respondent, no evidence whatever having been introduced tending to show such negligence.

[1] Under these circumstances a *prima facie* case was established (*Renfro* v. *Fresno City Ry. Co.*, 2 Cal. App. 317, [84 Pac. 357]). ''It must first be shown that the injury came from the movement of the car by those in charge of it, or from something connected therewith, or in control of the defendant. When this is done, the law then presumes, *prima facie,* that the particular thing thus shown to have caused the injury was due to the defendant's negligence, and the burden is thrown upon the defendant to disprove the *prima facie* case thus made.'' (*Wyatt* v. *Pacific Elec. Ry. Co.*, 156 Cal. 170, 174, [103 Pac. 892]; *McCurrie* v. *Southern Pac. Co.*, 122 Cal. 558, [55 Pac. 324]; *Babcock* v. *Los Angeles etc. Co.*, 128 Cal. 173, [60 Pac. 780].) In *Renfro* v. *Fresno City Ry. Co.*, 2 Cal. App. 321, [84 Pac. 359], the court said: ''Ordinarily, a passenger injured while riding on a car is not in position to know more than that by some unusual movement of, or happening to, the car he has received injury. What caused the movement or happening he cannot be expected to know, and it is for this reason and for the further reason that the persons operating the car should know the cause and be able to explain it, that the presumption of negligence arises, and that the burden is cast upon the railroad company to explain the cause. The present case fairly illustrates the wisdom and justice of the rule. The proximate cause of plaintiff's injury was the sudden jerking of the car forward when he had reason to believe that it was

about to stop. Beyond this he was in no position to know the cause. If such sudden movements of street-cars, under like circumstances, are necessary or unavoidable,. in their operation, we think the rule would cast the burden upon the company operating the cars to show this fact as part of its defense. . . . He [plaintiff] showed enough to raise a presumption of negligence on the part of the defendant, and it was for the defendant to rebut this presumption to the satisfaction of the jury.'' There is no error in this instruction.

Applying the rule of the foregoing authorities, it follows that the evidence offered by respondent was sufficient, if believed by the jury, to establish a case of negligence on the appellant's part.

The judgment is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.