[S. F. No. 1920.    Department One. — November 21, 1901.]

RUTH HARRISON, Administratrix, etc., Appellant, v. SUTTER STREET RAILWAY COMPANY, and NATIONAL BREWING COMPANY, Respondents.

ACTION FOR DEATH — COLLISION OF STREET-RAILWAY CAR WITH BREWERY WAGON — INSTRUCTION — PRESUMPTION OF NEGLIGENCE — QUESTION OF FACT. — In an action by an administratrix against a street-railway company and a brewery company to recover damages for the death of a passenger upon a street-car, resulting from a collision between the car and a brewery wagon, it was proper to refuse an instruction that there was a presumption of negligence against both companies defendant from the fact of the injury to the deceased, in the absence of a concession that the instrumentalities of both defendants caused the injury. In such case, what instrumentality or instrumentalities caused the injury is a question of fact for the jury.

ID. — BASIS FOR PRESUMPTION OF NEGLIGENCE FROM INJURY — APPLICABILITY OF PRESUMPTION — INDEPENDENT DEFENDANTS — OPEN QUESTION. — The presumption of negligence from the fact of injury is based upon probability, and only arises where the injury results from the management and control by the defendant of the thing which caused the injury, and cannot apply as against a defendant who did not have such management and control, nor in favor of a plaintiff who seeks to recover damages for injuries against two defendants who are wholly independent of each other, where it is an open question as to which defendant had control of the particular instrumentality that caused the injury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

William H. Jordan, and Anson Hilton, for Appellant.

Naphtaly, Freidenrich & Ackerman, for Sutter Street Railway Company, Respondent.

Marcus Rosenthal, Dunne & McPike, and P. F. Dunne, for National Brewing Company, Respondent.

GAROUTTE, J. — This is an action for damages for personal injuries, brought by the administratrix of the estate of John B. Harrison, deceased. Harrison was a passenger upon a street-

car of defendant the Sutter Street Railway Company. As the car was passing westward upon Pacific Avenue, a collision occurred between the car and a brewery wagon belonging to the National Brewing Company, and, as a result of the collision, Harrison, the passenger, was killed. The street-car company and the brewing company are made defendants in the action. Judgment went in their favor, and plaintiff prosecutes this appeal.

A pure question of law is presented by the record, and it arises upon the giving of certain instructions by the court, and its refusal to give others. Counsel for plaintiff, in his brief, thus declares the legal proposition involved upon the appeal: "Of the three instructions asked by the plaintiff and refused by the court, one point was sought to be impressed upon the jury,—namely, that when the plaintiff had shown the fact that the deceased was a passenger upon the car of the defendant railway company; that an accident had occurred; that the deceased had suffered injury thereby, and the extent thereof, all without fault on his part, and that both defendants were involved in the accident,—a presumption of negligence arose as against them both, which it was incumbent upon them to rebut. The instructions by the court at the request of the defendants are directly opposed to this view, and the determination of the propriety of the action of the court in refusing to give the instructions asked by the plaintiff, and giving those asked by the defendants, is the principal matter involved in this appeal."

The general principle of law illustrated by the declaration *res ipsa loquitur* is not gainsaid by respondents, but the application of that principle to the facts of this case is denied. This general principle is fully considered in *Judson* v. *Giant Powder Co.*, 107 Cal. 549,[1] and nothing need here be said upon that question, other than to restate the rule in its broadest terms. It is thus declared by Shearman and Redfield on Negligence (sec. 59): "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." Do the facts of this

---

[1] 48 Am. St. Rep. 146.

case bring it within the principle of law declared? The court is convinced to the contrary. In the case at bar it cannot be said that the management of the car caused the injury. Neither can it be said that the management of the brewing company's wagon caused the injury. It therefore follows that the court cannot say which instrument caused the injury, the car or the wagon. If it was the wagon, it was an instrumentality not under the management of the railway company, and if it was the car, it was an instrumentality not under the management of the brewing company. And in either case, as to the other defendant, the rule of law here laid down by the law-writers cannot be made applicable to the facts.

Plaintiff declares that under this rule a presumption of negligence arose against both defendants. This cannot be true. Possibly the driver recklessly drove his wagon against the car; or possibly the gripman of the car intentionally drove his car against the wagon. Under either of these alternatives, it cannot be said that the innocent party was *prima facie* guilty of negligence by reason of the collision. It is thus plain that the facts of the case cannot be made to fit the legal principle invoked. The presumption of negligence cannot arise in this case against both defendants, unless it be first conceded that both the car and the wagon were joint instrumentalities in causing the injury; and this was a question of fact for the jury. In the illustration given, but one of these instrumentalities caused the injury, and therefore the facts of the case put it outside of the principle invoked as to the presumption of negligence.

The authorities fully support the conclusion reached. In *McCurrie* v. *Southern Pacific Co.*, 122 Cal. 558, the court said: "A *prima facie* case is established when the plaintiff shows that he was injured while being carried as a passenger by the defendant, *and* that the injury was caused by the manner in which the defendant used or directed some agency or instrumentality under its control." In *Tomkins* v. *Clay Street R. R. Co.*, 66 Cal. 163, upon a state of facts similar to those here presented, it was held error in the trial court to refuse the following instruction: "If you find from the evidence that the plaintiff was a passenger on the street-car of the defendant the Sutter Street Railroad Company, then I instruct you that no presumption of negligence as against the Clay Street Hill Rail-

road Company arises from the fact of the injury, and that the plaintiff must show by a preponderance of the testimony that the defendant the Clay Street Railroad Company was guilty of negligence." In holding this instruction to be good law, the court said: "The appellant was entitled to have the attention of the jury called to the point, that, in considering the evidence, the mere circumstance that plaintiff had been injured as a result of the collision did not create a presumption of negligence on appellant's part." In that case the Clay Street Railroad Company stood in the position of the brewing company in this case, and the authority is square upon the point that, as to the brewing company, negligence could not be presumed from the fact of the collision. It is unnecessary to pursue the investigation of this question further. The bed-rock of this principle of presumption of negligence arising from the fact of the injury is that of probabilities, and in the very nature of things it cannot be made to apply in favor of a plaintiff seeking to recover damages for injuries against two defendants wholly independent of each other, it being an open question as to which defendant had control of the particular instrumentality that caused the injury. If it were a conceded fact in such a case that the instrumentalities of both defendants caused the injury, probably the principle could be applied, but not otherwise.

There is nothing further in the record demanding extended consideration.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.