JOHN B. HULL *vs.* BERKSHIRE STREET RAILWAY COMPANY.

Berkshire.  February 24, 1914. — March 31, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Street railway, *Res ipsa loquitur.  Evidence,* Presumptions and burden of proof.

In an action against a street railway company for personal injuries sustained when driving an automobile, evidence tending to show that, when a street car was being run by employees of the defendant on a down grade on the side of a highway at the rate of from forty to fifty miles an hour and was swaying from side to side, and the automobile of the plaintiff was approaching and was four hundred feet distant, the trolley wheel of the street car left the wire, and the trolley pole after some violent movements up and down was broken off and hurled through the air against a forward wheel of the automobile, causing the automobile to be turned sharply into a bank, that the plaintiff, expecting the automobile to overturn, jumped out and was injured, and that the street car was not stopped until it had gone from two to three hundred feet farther, will warrant a verdict for the plaintiff.

The mere fact that, while being used for the purpose for which it was designed, a trolley pole of a street railway car ran off the trolley wire and was broken and thrown against an automobile of a traveller on a highway, causing personal injuries to the driver of the automobile, is evidence that the company operating the car had not used reasonable care to make the apparatus safe, and is to be weighed with evidence, if any, tending to explain the circumstance in a manner which will show that there was no such lack of care.

In an action of tort for personal injuries by reason of an accident, the happening of which under the circumstances is in itself evidence that it was caused by negligence of the defendant, the mere fact, that the plaintiff offered evidence to explain the accident and failed in his attempted explanation, does not deprive him of the benefit of the presumption of culpability arising from the doctrine of *res ipsa loquitur.*

TORT for personal injuries alleged to have been sustained when the plaintiff was travelling in an automobile along the highway from Williamstown to Bennington and his automobile was struck by a trolley pole which broke from a passing street railway car of the defendant.  Writ dated September 17, 1912.

In the Superior Court the case was tried before *Crosby,* J. The material facts which the evidence tended to show are stated in the opinion.  At the close of the evidence the defendant asked for the following rulings:

" 1. Upon all the evidence the plaintiff is not entitled to recover.

" 2. The fall of the trolley pole in and of itself is no evidence of negligence in this case.

" 3. The doctrine of *res ipsa loquitur* does not apply in this case."

The rulings were refused. The jury found for the plaintiff in the sum of $3,000; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. W. Ely & J. B. Ely,* for the defendant.

*C. P. Niles & F. M. Myers,* for the plaintiff.

DE COURCY, J.   The accident happened on the highway that runs northerly from Williamstown to Bennington; and the single track of the defendant is located on the westerly side of the way. There was evidence from which the jury could find the following facts:  The electric car, which was coming in a southerly direction and down grade, was running at a speed of from forty to fifty miles an hour and was swaying from side to side; and the plaintiff, in his automobile, was going in a northerly direction and exercising reasonable care.  The trolley wheel left the wire when the electric car was about four hundred feet distant from the automobile; the trolley pole, after some violent movements up and down, was broken off near the base, hurled into the air and thrown against the left forward wheel of the automobile, causing it to be turned sharply to the right, toward a bank; and the plaintiff, expecting that his machine was about to "turn turtle," jumped out and was injured.  The electric car was not brought to a stop until it had gone two or three hundred feet beyond the automobile.  Plainly this made a case for the jury, and the defendant's first request could not be given.  *Steverman* v. *Boston Elevated Railway,* 205 Mass. 508.  *Uggla* v. *West End Street Railway,* 160 Mass. 351.

The second and third requests presumably were intended to present the same contention, which was in substance that no inference of negligence could be drawn from the fall of the trolley pole under the circumstances.  They were rightly refused, and the instructions of the trial judge on the doctrine of *res ipsa loquitur* were correct.  Unless some explanation was offered, the fact that the iron trolley pole, while being used for the pur-

pose for which it was designed, broke and was thrown violently from the car would warrant an inference that reasonable care had not been taken to make the apparatus safe; and that the negligence *prima facie* was that of the defendant, which had exclusive control and management of the car. If, however, the evidence explained the cause of the breaking of the trolley pole, then there was no occasion to resort to presumption, and the jury must determine from the facts as shown whether the accident was due to negligence on the part of the defendant. But the mere fact that the parties offered direct evidence to explain the occurrence and failed in the attempted explanation, would not deprive the plaintiff of the benefit of the presumption of culpability arising from the doctrine of *res ipsa loquitur.* And the jury were instructed accordingly. *Uggla* v. *West End Street Railway, ubi supra. McNamara* v. *Boston & Maine Railroad,* 202 Mass. 491, 495. *Craft* v. *Boston Elevated Railway,* 211 Mass. 374.

The exceptions to the admission and exclusion of evidence are not argued, and we treat them as waived.

*Exceptions overruled.*