## CHARLES L. MAY et al., Respondents, v. CITY OF HANNIBAL, Appellant.

### St. Louis Court of Appeals, January 5, 1915.

1. **ELECTRICITY: Death of Lineman: Defective Insulation: Sufficiency of Evidence.** In an action for the death of a lineman, caused by his coming in contact with a wire charged with electricity maintained by defendant, evidence *held* sufficient to establish a specific averment in the petition, that the insulation on the wire was worn and rotten, and hence the case was one for the jury.

2. **NEGLIGENCE: Pleading: Specific Negligence.** Where the petition in a negligence case contains both a general and a specific charge of negligence, 'the former is entirely superseded by the latter.

3. ———: ———: **Res Ipsa Loquitur: Effect of Pleading Specific Negligence: Instructions.** Where the petition in a negligence case contains a general averment of negligence, under which the doctrine of *res ipsa loquitur* would apply, and also alleges specific acts of negligence, such specific allegations render the doctrine of *res ipsa loquitur* inapplicable, and the instructions must require a finding on the specific acts alleged.

4. ———: ———: ———: ———: ———. In an action for the death of a lineman, caused by his coming in contact with a wire charged with electricity maintained by defendant, the petition, after alleging negligence generally, also alleged' that the insulation on the wire was worn and rotten. The court charged the jury, at the instance of plaintiff, that if decedent was killed as a direct result of a shock from such wire, that fact was conclusive proof of defective insulation, unless the jury found that the insulation was as safe as it could be reasonably made, that the utmost care had been used to keep it so insulated, and that, while the insulation was in a safe condition, the climbing spur strapped to decedent's foot came in contact with the insulation and punctured it, through no fault of defendant and through no defect in the insulation. *Held,* that the instruction was erroneous, for the reason that it failed to submit the specific acts of negligence pleaded, and because it invoked a presumption of negligence, as though the doctrine of *res ipsa loquitur* were applicable, when the doctrine could not be availed of because specific negligence was pleaded.

Appeal from Hannibal Common Pleas.—*Hon. William T. Ragland,* Judge.

REVERSED AND REMANDED.

*Victor J. Miller* for appellant; *Nelson & Bigger* of counsel.

(1) The court erred in refusing to give appellant's instruction offered at the close of plaintiffs' case. Chitty v. Railroad, 148 Mo. 64; McManamee v. Railroad, 135 Mo. 447; Beane v. Transit Co., 212 Mo. 331; Roscoe v. Railroad, 202 Mo. 587; Hector v. Boston Electric Light Co., 174 Mass. 212; Jackson v. Butler, 155 S. W. 1071; Strayer v. Railroad, 156 S. W. 735; Clements v. Electric Co., 44 La. 692. (2) The court erred in giving plaintiffs' instruction to the effect that if Louis May received an electric shock from the city of Hannibal's wire, then this fact was conclusive proof of defective insulation, for the reason that no charge of general negligence is made, and plaintiffs were entitled to no instruction which did not confine itself to the allegations of negligence in their petition. Chitty v. Railroad, 148 Mo. 64. (3) The court severally erred in refusing to give appellant's instructions numbered 5, 7 and 9. (a) Instruction number 5 was proper for the reason that the failure to give same made the appellant liable even though it had used every precaution to properly insulate wires, and Louis May, by his own contributory negligence, had destroyed the insulation. (b) Instruction number 7 was proper for the reason that plaintiffs alleged specific acts of negligence, and appellant had the right to have submitted to the jury the question whether or not the wire was properly insulated. (c) Instruction number 9 was proper for the reason that the appellant pleaded contributory negligence, and was entitled to an instruction on contributory negligence. (4) The court erred in

giving defendant Bell Telephone Company's instruction offered at the close of the entire case, for the reason that it was a jury question as to whether defendant Bell Telephone Company was liable. (5) The verdict is excessive. Calcatterra v. Iovaldi, 123 Mo. App. 347; Dando v. Telephone Co., 126 Mo. App. 242; Marshall v. Mining Co., 119 Mo. App. 270.

*Hall, Robertson & O'Bannon* for respondent.

NORTONI, J.—This is a suit under the wrongful death statute for damages accrued through defendant's negligence with respect to its duty to insulate a wire employed in transmitting electricity. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff's minor son was in the employ of the Bell Telephone Company at the time of his death, and, while in the line of duty, came in contact with a wire owned by the defendant, city of Hannibal, and employed by it in the transmission of an electric current of high voltage. Because of the insecure insulation of this wire, the electric current was transmitted to decedent and caused his death. Both the present defendant and the Bell Telephone Company were jointly sued, but at the trial the court directed a verdict in favor of the telephone company and referred the case to the jury against the present defendant alone.

It appears plaintiff's son was in a carrier, suspended some twenty feet above the street from a messenger wire of the Bell Telephone Company, at the intersection of Center street and an alley in the city of Hannibal, and, while so seated, was engaged at work on the wires of the Bell Telephone Company. Defendant, city of Hannibal, owned a system of wires through which it transmitted an electric current immediately adjacent to the wires on which decedent was at work, and his foot came in contact with one of defendant's wires. The evidence is, that the instep of

decedent's foot touched the wire and he immediately fell from the carrier to the earth below. A slight abrasion on the limb indicated that he came to his death from an electric shock, and it appears, too, that his neck was broken from the fall.

The case concedes that plaintiff's son was in the line of duty at the time, performing the task assigned him by his employer, the Bell Telephone Company, and that he was thus exposed to contact with defendant's wire at a place where it should have anticipated that the Bell Telephone linemen might be. On the part of plaintiff, the evidence tends to prove that his son came to his death as the result of the contact of his foot with the poorly insulated wire of defendant city. On the other hand, the evidence for defendant tends to prove that the wire was sufficiently and properly insulated, but decedent carelessly brought his steel climbing spur, strapped on to his foot, against the insulation, broke through it by pressing against a cross-arm, and thus received the electric shock from which he died. Besides containing a general allegation of negligence, the petition avers, too, that defendant was negligent in permitting the insulation on defendant's wire through which the electric current was communicated to become worn and rotten.

It is urged the court erred in refusing to direct a verdict for defendant because there is no evidence tending to prove the specifications of negligence so stated—that is, that the insulation on the wire was worn and rotten. But this argument appears to be without merit, for, though the evidence is slight concerning this matter, it is sufficient. Moreover, it appears a section of the wire itself, revealing that portion of the insulation with which decedent's foot came in contact, was before the jury and viewed by them. This considered together with the testimony of the witness, Short, is amply sufficient to constitute substantial evidence tending to prove the specific acts of negli-

gence set forth in the petition. [See Trout v. Laclede Gaslight Co., 151 Mo. App. 207, 222, 132, S. W. 58, s. c. 160 Mo. App. 604, 140 S. W. 1198.] However, in this connection, see, also, the recent ruling of the Supreme Court in the similar case of Hill v. Union Electric Light etc. Co., 260 Mo. 43, 169 S. W. 345. The court did not err in refusing to direct a verdict for defendant.

The principal instruction given by the court at plaintiff's request is as follows:

"The court instructs the jury that if you believe from the evidence that Louis May, plaintiffs' son, was killed as a direct result of receiving into his person an electric shock from defendant's, the city of Hannibal, wire or wires with which he came in contact, then the fact that he received from such wire or wires such electric shock is conclusive proof of the defect of the insulation on such wire or wires, unless you find and believe from the evidence that the insulation on said wire or wires was as safe as same could be made by all means which were reasonably accessible, and that the utmost care had been used to keep them so insulated, and that while said insulation was in such safe condition, if you find it was in such safe condition, the spur which Louis May had attached to his foot came in contact with said insulation and punctured it, through no fault of said defendant, the city of Hannibal, or through no defect in such insulation."

It is argued this instruction is erroneous in two respects: First, because it informs the jury that the fact decedent came to his death through receiving a shock from the wire is to be taken as conclusive proof of defective insulation, and, second, because it permits a recovery for plaintiff without heed whatever to the specific negligence charged in the petition. If the petition contained nothing more than a general averment of negligence and thus rendered the doctrine of *res ipsa loquitur* available to plaintiff, it may be the in-

struction could be approved, in that what appears to be the direction with respect to conclusive proof is much modified by the succeeding sentences. But the doctrine of *res ipsa loquitur* and the presumption which it affords is not available in the case, though otherwise appropriate, as it appears, for the reason that plaintiff saw fit to set forth the specific facts of negligence to the effect that defendant was remiss in its duty in permitting the insulation on its electric wire to become worn and rotten. ' Although a petition contains a general averment of negligence, this is superseded when specific acts of negligence are charged as well. [McManamee v. Missouri Pac. Ry. Co., 135 Mo. 440, 37 S. W. 119; Waldhier v. Hannibal & St. J. R. Co., 71 Mo. 514]. Then, too, when specific acts of negligence are charged in the petition it is essential that the instructions submitting the issue to the jury shall require a finding of the facts of negligence so charged. [Chitty v. St. Louis, I. M. & S. R. Co., 148 Mo. 64, 49 S. W. 868; Beave v. St. Louis Transit Co., 212 Mo. 331, 111 S. W. 52; Allen v. St. Louis Transit Co., 183 Mo. 411, 81 S. W. 1142; Crone v. St. Louis Oil Co., 176 Mo. App. 344, 158 S. W. 417.]

In this view, it is the established rule of decision that where the petition charges specific acts of negligence, even though the case be one where under a general averment the doctrine *res ipsa loquitur* obtains, the instructions must require the jury to find the negligence as laid in the petition, and it is error to invoke the presumption of negligence therein, for it is said the plaintiff having asserted the facts concerning the negligence laid must be held to prove them. [Orcutt v. Century Bldg. Co., 201 Mo. 424, 99 S. W. 1062; Beave v. St. Louis Transit Co., 212 Mo. 331, 111 S. W. 52; Gibler v. Quincy, O. & K. C. R. Co., 148 Mo. App. 475, 128 S. W. 791; Miller v. United Rys. Co., 155 Mo. App. 528, 134 S. W. 1045.] The instruction above set out in nowise requires the jury to find the facts of

negligence charged in the petition and relied upon for recovery, and, moreover, it appears to be violative of the further rule of decision last cited in invoking a presumption or conclusion of negligence where such course is forbidden because of the facts alleged. The instruction is prejudicial because, under the petition, the negligence must be found from the evidence as a fact in the case—that is, whether decedent received the shock because of the worn and rotten condition of the insulation as plaintiff asserts, or whether the insulation was sufficient and he came to his death because of pressing the sharp steel spur attached to his boot upon it and against the cross-arm of the pole, as defendant asserts.

The judgment should, therefore, be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.