[Civ. No. 2581.  First Appellate District, Division One.—February 24, 1919.]

MARGARET M. SALLEE, Appellant, v. UNITED RAIL-ROADS OF SAN FRANCISCO (a Corporation), Respondent.

[1] NEGLIGENCE — STREET RAILWAY — PEDESTRIAN — ROPE DANGLING FROM TROLLEY.—The act of a street railway company in operating a trolley-car upon and across a crowded thoroughfare with the trolley rope at its rear swinging in a loop which rendered it liable to strike and catch and cast down pedestrians passing behind such car was in and of itself a negligent act.

[2] ID.—MOTION FOR NONSUIT—KNOWLEDGE OF DEFENDANT—RES IPSA LOQUITUR.—Assuming that against a motion for nonsuit the plaintiff was required to furnish as a link in the chain of proofs sufficient to make out a *prima facie* case proof that the defendant knew that the rope was dangling or that the officials of the defendant knew it, she was entitled to rely on the doctrine of *res ipsa loquitur* to supply that link.

[3] ID.—APPLICABILITY OF DOCTRINE.—The doctrine of *res ipsa loquitur* is applicable to cases of collisions between street-cars and pedestrians.

[4] ID.—EVIDENCE OF NEGLIGENCE.—In this action there was sufficient evidence of negligence; the appliance was shown to be under the management of the defendant or its servants; the accident was such as in the ordinary course of things could not happen where those in the immediate charge and control of the appliance use proper care; and these facts afford sufficient evidence, in the absence of explanation by the defendant, that the accident occurred through the want of proper care on the part of the defendant or its employees.

[5] ID.—PROXIMATE CAUSE OF PLAINTIFF'S INJURIES.—In this action there was sufficient evidence that the striking of the plaintiff by the swinging loop of the trolley rope was the proximate cause of her injuries, and to have entitled the case to be passed upon by the jury, while there was no such evidence of contributory negligence upon the plaintiff's part to have warranted the court in withholding the case from the jury on that ground as matter of law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge. Reversed.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche for Appellant.

Wm. M. Abbott, Wm. M. Cannon and Kingsley Cannon for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the defendant's favor after an order granting its motion for non-suit in an action for damages for personal injuries. The plaintiff alleged that her injuries occurred while she was walking on the southerly side of Market Street to the Ferry building in the city and county of San Francisco, and was in the act of crossing the car tracks of the defendant on East Street at its intersection with the said southerly line of Market Street, and that the accident occasioning her injuries happened in this wise: One of the cars of the defendant operated by its employees was in the act of passing along said East Street northerly on to Market Street; the said plaintiff waited until said car had passed before attempting to cross the tracks behind it; the defendant, through its employees operating said car, had negligently permitted the trolley rope to hang loose and swing out from the rest of the car in a semi-circle, one end being attached to the trolley and the other to the car. The fact that said trolley rope was swinging loose from said trolley and was endangering the lives or safety of people passing behind said car was known to said defendant at said time and to the servants of said defendant who were operating said car. As the plaintiff was in the act of passing behind said car without observing said swinging rope she was struck and caught by said rope about her neck and violently thrown down and was thereby severely injured. The defendant by its answer denied the said alleged negligent acts on its part, and pleaded contributory negligence on the part of the plaintiff. The plaintiff, both by her own testimony and that of her supporting witnesses, offered evidence tending to prove the foregoing averments of her complaint save and except the averment that the fact that the said trolley rope was swinging loose in the manner stated in her complaint was known to the defendant or its employees at the time of said accident. At the conclusion of the plaintiff's testimony the defendant moved for a nonsuit upon the ground, first, that the evidence failed to show negligence on the part of the defendant; second, that the evidence showed contributory negligence on the part

of the plaintiff, and, third, that the evidence failed to show any proximate connection between the alleged negligence of the defendant and the injuries complained of. The court granted said motion upon the express ground that there was no evidence ''that the defendant knew that the rope was dangling or that the officials of the company knew it.''

The sole question presented by the appellant upon this appeal is as to whether such proof was necessary on the plaintiff's part in order to make out her case, the contention of the appellant being that this is one of the class of cases to which the doctrine of *res ipsa loquitur* is to be applied, and that the presumption of negligence arising from its application would be sufficient to make out the plaintiff's case as against a motion for nonsuit. The respondent resists this contention upon two asserted grounds—first, that the doctrine of *res ipsa loquitur* does not apply to cases involving collisions between street-cars and pedestrians; and, second, that if it does have such application, it is limited to cases where the duty of extreme care devolves on the defendant by reason of the dangerous nature of the instrumentality through the operation of which the injury occurs.

After a careful review of the facts of this case as presented by the plaintiff's proofs we are not satisfied that the exigencies of her case required recourse to the doctrine of *res ipsa loquitur* in order to escape a nonsuit. **[1]** The act of the defendant in operating a trolley-car upon and across a crowded thoroughfare with the trolley rope at its rear swinging in a loop which rendered it liable to strike and catch and cast down pedestrians passing behind such car was in and of itself a negligent act. The conductor of the car was charged with the duty of adjusting from time to time its trolley by means of this trolley rope, and of fastening the latter after each of such adjustments so that it would not swing loose and thereby menace the safety of pedestrians passing behind and in proximity to the moving car. It was his failure to perform this duty which led directly to the plaintiff's contact with the rope and consequent fall and injuries. To hold upon such a state of facts that the plaintiff had cast upon her the further burden of proving that the conductor knew that he had been negligent would be to require something which the plaintiff, in most cases at least, could never supply. **[2]** Assuming, however, that the plaintiff was required to furnish this link in the

chain of proofs sufficient to make out a *prima facie* case, we are of the opinion that she was entitled to rely on the doctrine of *res ipsa loquitur* to supply that link.    [3]   We disagree with the respondent's first contention that this doctrine has no application to cases of collisions between street-cars and pedestrians, and find ourselves supported in that view by the following authorities, in each of which the action was similar in character and parties to the instant case: *Dillar* v. *Northern Cal. Power Co.,* 162 Cal. 531, [Ann. Cas. 1913D, 908, 123 Pac. 359] ; *Uggla* v. *West End Street Ry. Co.,* 160 Mass. 351, [39 Am. St. Rep. 481, 35 N. E. 1126] ; *Toby* v. *Scranton Ry. Co.,* 245 Fed. 365; *Hull* v. *Berkshire St. Ry. Co.,* 217 Mass. 361, [104 N. E. 747] ; *Washington* v. *Rhode Island Co.* (R. I.), 70 Atl. 913; *Haynes* v. *Raleigh G. L. Co.,* 114 N. C. 203, [41 Am. St. Rep. 786, 26 L. R. A. (N. S.) 810, 19 S. E. 344] ; *Cincinnati Tr. Co.* v. *Holzenkamp,* 74 Ohio St. 379, [113 Am. St. Rep. 980, 6 L. R. A. (N. S.) 800, 78 N. E. 529] ; *Jones* v. *Union Ry. Co.,* 18 App. Div. 267, [46 N. Y. Supp. 321].

The rule as stated in Shearman & Redfield on Negligence (fifth edition), section 59, does not recognize the exception which the respondent contends for, but states generally the doctrine as follows: "Proof of an injury, occurring as the proximate result of an act of the defendant, which would not usually, if done with due care, have injured anyone, is enough to make out a presumption of negligence.   When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care."

An illuminating case touching the proper application of the doctrine of *res ipsa loquitur* is the case of *Delaware etc. Co.* v. *Dix,* 188 Fed. 901, [110 C. C. A. 535], wherein the court, in defining and applying the rule, and after stating the facts which the plaintiff in that case had proved, proceeds to state: "Unless, then, the plaintiff was required to go further and show that the defendant knew, or ought to have known, that the car door was loose, then the motion for a nonsuit was properly refused, as also the motion for judgment *non obstante veredicto.*   Under the doctrine, therefore, of *res ipsa loquitur,*

was the plaintiff required to prove more? That doctrine is clearly stated by Wigmore, in his work on Evidence (volume 4, section 2509) as follows: ''With the vast increase in modern times of the use of powerful machinery, harmless in normal operation, but capable of serious human injury if not constructed or managed in a specific mode, the question has come to be increasingly common whether the fact of the occurrence of an injury (unfortunately now termed 'accident' by inveterate misuse) is to be regarded as raising a presumption of culpability on the part of the owner or manager of the apparatus. '*Res ipsa loquitur*' is the phrase appealed to as symbolizing the argument for such a presumption. In England a rule of that sort has been conceded to exist for a generation, for some classes of cases at least. In the United States the presumption has spread rapidly, although with much looseness of phrase and indefiniteness of scope. . . .

'' '*Res ipsa loquitur*,' the thing speaks for itself, symbolizes that the occurrence of the injury raises a presumption of culpability on the part of the owner or manager of the apparatus, because in cases where it applies powerful and dangerous agencies in the control of one will do harm unless properly constructed or managed, and also because the evidence of the cause of the injury, whether innocent or blameworthy, is in the possession of or accessible to the person constructing or operating, and not accessible to the other party. Erle, C. J., in *Scott* v. *London & St. K. Docks Co.*, 3 Hurl. & C. 596, [159 Eng. Reprint, 665] (injury to a passer-by from the falling of goods from a train), said:

'' 'There must be reasonable evidence of negligence, but, when the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen when those who have the management use proper care, it affords evidence in the absence of explanation by the defendant that the accident came through want of care.'

''How completely this applies to the case at bar. Such an accident would not happen in the ordinary use of a refrigerator-car, unless the defendant was negligent in permitting it to have its door open with an extending lever. It had in its possession the evidence by which it might be explained.''

[4] In the instant case, as in the case last above quoted, there was reasonable evidence of negligence; the appliance

was shown to be under the management of the defendant or its servants; the accident was such as in the ordinary course of things could not happen when those in the immediate charge and control of the appliance use proper care. These facts, in our opinion, afford sufficient evidence, in the absence of explanation by the defendant, that the accident occurred through the want of proper care on the part of said defendant or its employees. This being so, the trial court was in error in granting the defendant's motion for nonsuit for the want of the link in the plaintiff's case which the application of the doctrine of *res ipsa loquitur* supplied.

[5] As to the other points urged by the respondent, no extended discussion is required. There is sufficient evidence that the striking of the plaintiff by the swinging loop of the trolley rope was the proximate cause of her injuries to have entitled the case to be passed upon by the jury. There was no such evidence of contributory negligence upon the plaintiff's part to have warranted the court in withholding the case from the consideration of the jury upon that ground as a matter of law.

No other reason being urged by the respondent as a justification of the order of the trial court granting a nonsuit and for its judgment based thereon, it follows that said order was erroneous, and, hence, that the judgment must be reversed. It is so ordered.

Waste, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 26, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 21, 1919.

Melvin, J., dissented.