[Civ. No. 4860.    First Appellate District, Division One.—January 31, 1925.]

## MARGARET ATKINSON, as Administratrix, etc., Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

[1] NEGLIGENCE—COLLISION BETWEEN STREET-CAR AND AUTOMOBILE TRUCK—DEATH OF PASSENGER—RES IPSA LOQUITUR—INSTRUCTIONS.—In this action for damages for the death of plaintiff's intestate, who was killed while riding as a passenger on one of the street-cars of the defendant street railway company, when said street-car collided with an automobile truck which was attempting to turn around on the street along which the street-car ran, the trial court properly instructed the jury on the doctrine of *res ipsa loquitur* as, under the circumstances shown by the evidence, such doctrine was applicable in favor of plaintiff's intestate; and the use of the word "presumption" in said instruction, instead of the word "inference," was not fatal thereto.

[2] ID.—PLEADING—SPECIFIC ACTS—EVIDENCE—RES IPSA LOQUITUR.—In such action, where the plaintiff set forth in her complaint specific acts of negligence, she was confined to them and not allowed to prove or to recover upon other causes than those alleged, and the defendant carrier was relieved from the burden of disproving or meeting any other negligent acts than those alleged; but the allegation and proof of such specific acts of negligence did not deprive her of the benefit of the doctrine of *res ipsa loquitur* so far as those specific acts of negligence were concerned.

[3] ID.—RES IPSA LOQUITUR—PRESUMPTIONS—EVIDENCE.—The doctrine of *res ipsa loquitur* does not dispense with the necessity of evidence of defendant's negligence, but merely aids the plaintiff in the discharge of his burden by giving rise to certain presumptions which are evidence.

[4] ID.—BURDEN OF PROOF—INSTRUCTIONS.—In this action for damages for the death of plaintiff's intestate, who was killed while riding as a passenger on one of the street-cars of the defendant

1. Presumption of negligence from accident or injury, notes, 43 Am. Rep. 73; 6 Am. St. Rep. 792; 113 Am. St. Rep. 986. See, also, 19 Cal. Jur. 704.

2. Effect of pleading particular cause of injury as waiver of right to rely on *res ipsa loquitur*, notes, 24 L. R. A. (N. S.) 788; L. R. A. 1915F, 992. See, also, 19 Cal. Jur. 713.

3. Rule of *res ipsa loquitur* as relieving plaintiff of burden of showing negligence, note, Ann. Cas. 1914D, 903. See, also, 19 Cal. Jur. 718.

street railway company, the jury having been fully instructed upon the subject of burden of proof, an instruction wherein it was stated that proof of injury to a passenger casts the burden of proof upon the carrier alone was properly given, and such instruction did not have the effect of compelling said defendant to overcome or disprove negligence by a preponderance of evidence, but merely related to the establishment of a *prima facie* case.

[5] ID.—DEFECTIVE INSTRUCTION.—In such an action, while an instruction which assumes an absence of evidence showing that the death of the decedent was caused without negligence on the part of the defendant, if standing alone, might be subject to criticism, such instruction must be considered together with all other instructions.

[6] ID. — TERMINATION OF EMPLOYMENT — CROSS-EXAMINATION — NON-PREJUDICIAL ERROR.—In this action for damages for the death of plaintiff's intestate, who was killed while riding as a passenger on one of the street-cars of the defendant street railway company, counsel for said defendant having elicited from the motorman of the street-car involved in the accident the evidence that he has left said defendant's employ "of his own accord," plaintiff's counsel was properly allowed the right to cross-examine the witness upon such subject; and, assuming that there was transgression committed by plaintiff's counsel in respect to such cross-examination, it was not serious, in view of the fact that the trial court later, at said defendant's request, with the consent of plaintiff, fully instructed the jury to disregard the entire matter.

---

(1) 10 C. J., p. 1094, n. 21.    (2) 29 Cyc., p. 584, n. 27.    (3) 29 Cyc., p. 591, n. 94, p. 599, n. 45.    (4) 29 Cyc., p. 644, n. 39.    (5) 38 Cyc., p. 1779, n. 76.    (6) 4 C. J., p. 990, n. 25.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon and Ivores R. Dains for Appellant.

Sullivan & Sullivan and Theo. J. Roche for Respondent.

KNIGHT, J.—The decedent, John J. Atkinson, was killed while riding as a passenger on one of the street-cars operated by the defendant, United Railroads of San Francisco, when said car collided with an automobile truck belonging to

the codefendants, George Scharetg and Sons. Plaintiff as the administratrix of the estate of her deceased husband commenced this action for damages, charging that the wrongful death of her husband had been caused by the joint and concurring negligence of said defendants. The collision occurred on Third Street, between Twenty-second and Twenty-third Streets, San Francisco, on June 26, 1920. The negligence charged against the street-car company was that its car was being carelessly operated at an excessive rate of speed, in violation of the municipal ordinance, and without any notice or warning of its approach; and as against the codefendants it was alleged that they carelessly and without notice or warning of any kind operated said truck from one side of Third Street to the other in front of said street-car. The action was tried before a jury, resulting in a verdict for the sum of twenty-two thousand seven hundred dollars in favor of plaintiff and against the defendant United Railroads of San Francisco; the owners of the truck were absolved from liability. The defendant, United Railroads of San Francisco, has appealed.

The evidence, bearing upon some points, is conflicting, but the sufficiency thereof, to sustain the verdict, is not challenged, four of the five points urged by appellant for a reversal of the judgment consisting of attacks upon the instructions, while the fifth point is an assignment of error pertaining to the admissibility of evidence. The circumstances leading up to the collision are as follows: Shortly after the noon hour, on Saturday, the day of the accident, Atkinson, the decedent, boarded a south-bound car of the defendant company on Third Street, some distance north of the intersection of Third and Twenty-second Streets, which car was then, with a number of others, standing on a loop or curve, near the Union Iron Works, for the purpose of allowing passengers to board the same. There was also a string of empty street-cars standing on the north-bound tracks, on Third Street, between Twenty-second and Twenty-third Streets, waiting to take the loop, and which obscured the view of the motorman of the south-bound cars from observing north-bound traffic on the easterly side of Third Street. At this particular time the easterly side of Third Street, between the north-bound cars and

the curb was practically blocked by parked automobiles, thereby making it necessary for north-bound traffic on Third Street to proceed to the left of those empty street-cars. This situation made it dangerous for the south-bound street-cars to travel fast or without warning between Twenty-second and Twenty-third Streets. Respondent's evidence shows that notwithstanding the situation described, the motorman of the crowded car on which decedent was riding applied the propelling power of the car in full when he left the loop, and as the car approached Twenty-second Street its speed increased, on account of the descent in grade, so that when it passed Twenty-second Street it was running without any warning at the rate of between thirty and forty miles an hour. Before .it reached Twenty-third Street it collided with the broad side of the truck, demolishing the front end of the car and resulting in the decedent's death. The evidence further shows that the truck at the time of the collision was attempting to turn around on Third Street, in order to return to Twenty-third Street, and that the motorman observed said truck at a considerable distance before the collision. The truck had proceeded up Third Street, on the easterly side thereof, until it had almost reached the most southerly end of the string of empty street-cars standing on the north-bound tracks, but being unable to make a turn at Twenty-second Street, owing to a torn-up condition of the street at that intersection, and being unable also to proceed farther northerly on the easterly side of Third Street, because that side of the street was blocked with standing automobiles and street-cars, the driver attempted to make the turn at the point indicated, which was some three hundred feet north of the intersection of Twenty-third Street, when the collision occurred.

[1] The first contention made by appellant is that the trial court erred in instructing the jury on the doctrine of *res ipsa loquitur,* for the reason that it was a question for the jury to determine which instrumentality was the proximate cause of the injury. It is insisted by appellant that before the doctrine of *res ipsa loquitur* may be declared to the jury it must appear as a matter of law that appellant had exclusive control of the causative force and

that the accident could not plausibly have happened without defendant being negligent; also that it must clearly appear that the immediate cause of the accident is under the control of appellant or those for whom it is responsible and that where the immediate cause of the injury is only a consequence of an act controlled by the defendant, and not the act itself, the presumption of negligence does not arise, because the proximateness of the act is then brought in question. In support of this contention appellant cites and relies on the case of *Harrison* v. *Sutter St. Ry. Co. & Nat. Brewing Co.,* 134 Cal. 549 [55 L. R. A. 608, 66 Pac. 787], wherein it is claimed the court held that in a suit against two defendants arising out of a collision between a car and a brewing company's wagon there was no presumption or inference of negligence against either defendant.

This same question has been before the courts of this state on several occasions since *Harrison* v. *Sutter St. Ry. Co., supra,* was decided and this contention has been, we think, definitely determined adversely to appellant's views. In those later cases the ruling in *Harrison* v. *Sutter St. Ry. Co., supra,* has been uniformly interpreted to mean that under the circumstances therein presented no presumption of negligence arises against both defendants, which, obviously, is a different proposition than holding, as appellant contends, that there is no presumption of negligence against either defendant; and in those later cases the doctrine has been made clear that under such circumstances a presumption or inference of negligence does arise as against the carrier on whose instrumentality the injured party was riding at the time he received his injuries. For instance, in the case of *Houghton* v. *Market Street Ry. Co.,* 1 Cal. App. 576 [82 Pac. 972], it was said: "Appellant, however, contends for a rule which we think is not sustained by authority or reason—namely, that no presumption of negligence arose against either defendant; citing *Harrison* v. *Sutter Street Ry. Co.,* 134 Cal. 549 [66 Pac. 787]. That case went no further than to decide that no presumption of negligence arose against both defendants, it appearing that the injury occurred to a plaintiff on the railway company's car in a collision with the defendant brewing company's wagon. That a presumption of negligence arose

as against the defendant railway company in the present case, see *Osgood* v. *Los Angeles Traction Co.*, 137 Cal. 280 [92 Am. St. Rep. 171, 70 Pac. 169] ; *Sullivan* v. *Market Street Ry. Co.*, 136 Cal. 479 [69 Pac. 143]." The case of *Osgood* v. *Los Angeles Traction Co.*, 137 Cal. 280 [92 Am. St. Rep. 171, 70 Pac. 169], was an action to recover damages for personal injuries resulting from a collision between a car of the Los Angeles Traction Company and one of the Los Angeles Railway Company. The court in discussing the case of *Harrison* v. *Sutter Street Ry. Co.*, *supra*, said: "It was held that no presumption of negligence arose in a suit against the railway company and the owner of the wagon as between themselves. The trial court refused to instruct the jury, at plaintiff's request, that a presumption of negligence arose against both defendants. . . . But the question now here was not decided. . . . The question now here is as to the presumption against the proprietor of the vehicle occupied by the plaintiff. Clearly the rule applies to such proprietor. . . . If the fault or negligence which was the proximate cause of the injury was attributable to some other vehicle under other and independent control, the defendant could so show, and that would be a good defense, but the presumption of defendant's negligence arises regardless of the fact that the injury may have been caused by some other agency. The instruction did not shift the burden of proof of the whole case to defendant. It was nothing more than saying that, upon the particular issue, plaintiff has established negligence on defendant's part and defendant must meet this proof by 'showing that the injury was without any negligence on its part.' " This language was quoted with approval in *Housel* v. *Pacific Electric Ry. Co.*, 167 Cal. 245 [Ann. Cas. 1915C, 665, 5 L. R. A. (N. S.) 1105, 139 Pac. 73]. It is therefore plain, we think, that "as against the carrier, it appears to be settled by the decisions in this state, that under such circumstances as appear here, the doctrine of *res ipsa loquitur* is applicable in favor of the passenger." (*Housel* v. *Pacific Electric Ry. Co., supra.*

We believe the use of the word "presumption" in said instruction, instead of the word "inference," was not fatal thereto. It is true, as appellant points out, in the recent

case of *Dowd* v. *Atlas Taxicab & Service Co.*, 187 Cal. 523
[202 Pac. 870], the court held that the trial court was
justified in modifying a proposed instruction, in that par-
ticular, before it was given to the jury; but the court did
not go so far as to hold that the use of the word "in-
ference" was essential to the soundness of said instruction;
and inasmuch as the form used in the present case has
been expressly approved in numerous previous cases which
are hereinafter cited, we are of the opinion that the giving
of the same in the form complained of did not have the
prejudicial effect upon the jury appellant attributes to it.
(*Meyer* v. *McNutt Hospital*, 173 Cal. 156 [159 Pac. 436];
*Wyatt* v. *Pacific Electric Ry. Co.*, 156 Cal. 170 [103 Pac.
892]; *Housel* v. *Pacific Electric Co., supra; Steele* v. *Pacific
Elec. Co.*, 168 Cal. 375 [143 Pac. 718]; *Osgood* v. *Los
Angeles etc. Co.*, 137 Cal. 280 [92 Am. St. Rep. 171, 70
Pac. 169]; *McCurrie* v. *Southern Pac. Co.*, 122 Cal. 558
[55 Pac. 324]; *Judson* v. *Giant Powder Co.*, 107 Cal. 549
[48 Am. St. Rep. 146, 29 L. R. A. 718, 40 Pac. 1020].)

[2] Appellant's next point relates to the doctrine of
*res ipsa loquitur.* The case was presented to the jury, so
far as the evidence was concerned, in the same manner as if
it were an ordinary action for damages based upon negli-
gence, the plaintiff having assumed the burden of proof
upon all affirmative allegations set forth in the complaint,
and the trial court having fully instructed the jury that the
burden was upon plaintiff to prove those allegations before
she was entitled to a verdict. However, along with the
other instructions given, the court instructed the jury, in
effect, that the doctrine of *res ipsa loquitur* applied, and
gave two instructions upon that subject, one being gen-
eral in form and the other applicable to the particular acts
of negligence pleaded. Appellant contends that the doctrine
of *res ipsa loquitur* did not apply and that it was therefore
error for the court to instruct the jury that it did. This
contention is grounded upon the claim that respondent, in
her complaint, pleaded specific acts of negligence; that con-
sequently she excluded from the case the doctrine of *res
ipsa loquitur*, and lost the right to have the jury instructed
upon that subject. As sustaining such contention appellant
cites and relies principally upon the recent cases of *Connor*

v. *Atchison, T. & S. F. Ry. Co.*, 189 Cal. 1 [26 A. L. R. 1462, 207 Pac. 378], *Marovich* v. *Central California Traction Co.*, 191 Cal. 295 [216 Pac. 595], and *McKeon* v. *Lissner*, 193 Cal. 297 [223 Pac. 965], which cases, it may be said in passing, were the first ones decided in this state wherein there was an enforcement of the rule that allegations of specific acts of negligence precluded the application of the doctrine of *res ipsa loquitur,* and all of those cases were decided after the trial of the instant case. In so far as appellant is concerned, it was alleged in the complaint that it "negligently and carelessly, and without any notice or warning, ran and operated said street car along the south-bound track maintained by defendant . . . at a greater speed than fifteen miles per hour, in violation of Section 3" of the municipal ordinance. Appellant's codefendant was also charged with concurring negligence in the operation of its truck; and it was then alleged that the concurring negligence of both defendants constituted the proximate cause of the injuries. Answering appellant's contention, respondent disputes the assertion that the allegations of negligence contained in said complaint were confined to specific acts, and in this regard claims that both general and specific acts of negligence are alleged; and that the situation is therefore controlled by the decision in *Roberts* v. *Sierra Ry. Co.*, 14 Cal. App. 183 [111 Pac. 519, 527], wherein it was held that allegations of specific acts of negligence do not preclude reliance upon the doctrine of *res ipsa loquitur,* where general negligence is also alleged. In support of such claim respondent endeavors to point out that the allegations in this complaint are comparatively as general in form as those employed in numerous other cases wherein the courts of this state have held that application of the doctrine of *res ipsa loquitur* was proper. (*Sallee* v. *United Railroads of San Francisco,* 40 Cal. App. 51 [180 Pac. 74]; *Zerbe* v. *United Railroads of San Francisco,* 56 Cal. App. 583 [205 Pac. 887]; *Murray* v. *United Railroads of San Francisco,* 49 Cal. App. 462 [193 Pac. 596]; *Bourguignon* v. *Peninsular Ry. Co.,* 40 Cal. App. 689 [181 Pac. 669]; *Lippert* v. *Pacific Sugar Co.,* 33 Cal. App. 198 [164 Pac. 810]; *Soto* v. *Spring Valley Water Co.,* 39 Cal. App. 187 [178 Pac. 305].) However

that may be, we think that the question of whether or not the complaint also contained allegations of general negligence becomes immaterial in view of the conclusion we have reached that under the circumstances revealed by the record, the instructions complained of were not prejudicial in that they could not have applied to any other acts of negligence than those specific acts pleaded, and that so far as those acts were concerned plaintiff was entitled to the benefit of the application of the doctrine of *res ipsa loquitur*.

Upon investigation of the adjudicated cases upon this question, it will be ascertained that a sharp conflict of authority exists in reference to the extent to which the court should go in the enforcement of such rule. In some states the courts have gone so far as to establish, and have attempted to follow, an absolute rule to the effect that where specific acts of negligence are pleaded, the right to rely upon the presumption resulting from the doctrine of *res ipsa loquitur* is totally lost. (*Cooper* v. *Century Realty Co.*, 224 Mo. 709 [123 S. W. 848]; *Roscoe* v. *Metropolitan Street Ry. Co.*, 202 Mo. 576 [101 S. W. 32]; *May* v. *City of Hannibal*, 186 Mo. App. 602 [172 S. W. 471]; *Byland* v. *E. I. du Pont de Nemours*, 93 Kan. 288 [L. R. A. 1915F, 1000, 144 Pac. 251]; *Chicago Union Traction Co.* v. *Leonard*, 126 Ill. App. 189.) And this is so even though the complaint also contains allegations of general negligence. (*May* v. *City of Hannibal, supra.*) In other states the courts have gone almost to the other extreme in holding that plaintiff is in nowise deprived of the benefit of such doctrine merely because he has made allegations of specific omissions of duty. (*Walters* v. *Seattle R. & S. R. Co.*, 48 Wash. 233 [24 L. R. A. (N. S.) 788, 93 Pac. 419]; *Washington-Virginia R. Co.* v. *Bouknight*, 113 Va. 696 [Ann. Cas. 1913E, 546, 75 S. E. 1032]; *McNamara* v. *Boston etc. R. Co.*, 202 Mass. 497 [89 N. E. 131]; *Cassady* v. *Old Colony etc. Ry. Co.*, 184 Mass. 156 [63 L. R. A. 285, 68 N. E. 10]; *Nashville I. Ry.* v. *Gregory*, 137 Tenn. 422 [193 S. W. 1053].)

But a third class of cases is found in still other jurisdictions wherein a qualified rule is adopted and followed, which is to the effect that where plaintiff makes specific allegations of negligence, he must rely for his recovery

upon, and he is limited to, such specific acts of negligence, and cannot recover for any other negligent act, but he is not deprived of the benefit of the doctrine of *res ipsa loquitur* so far as those specific acts of negligence are concerned. In other words, it is held in substance that the allegation of specific acts of negligence, while not depriving plaintiff of the benefit of said doctrine, relieves the carrier from the burden of disproving or meeting any other negligent acts than those alleged for the reason that having specified the acts of negligence, plaintiff will be confined to them and not allowed to prove or to recover upon other causes than those alleged. (*Palmer Brick Co. v. Chenall,* 119 Ga. 842 [47 S. E. 329]; *Terra Haute & I. R. Co. v. Sheeks,* 155 Ind. 74 [56 N. E. 434]; *Southern Ry. Co. v. Adams,* 52 Ind. App. 322 [100 N. E. 774]; *Louisville & S. I. Traction Co. v. Worrell,* 44 Ind. App. 480 [86 N. E. 78].) Thompson on Negligence (vol. 6, sec. 7643) states this modified rule as follows: "The plaintiff, in an action for personal injuries, is not deprived of his right to rely upon the doctrine of *res ipsa loquitur* by reason of having averred the particular act of negligence complained of, where such act is the one which the legal inference of negligence tends to establish," and gives as authority the case of *Gallagher v. Edison Illuminating Co.,* 72 Mo. App. 576, which case is apparently a modified view of the absolute rule announced in other cases in that same state.

In adopting a rule for this state, we are of the opinion that it was not intended to declare an absolute and unqualified rule, that is, one so drastic as to deny plaintiffs in all cases, and under all circumstances, the benefit of the doctrine of *res ipsa loquitur,* merely because they have voluntarily gone further than the law required them to go, in particularizing the specific acts of negligence upon which they relied for a recovery; but that it was intended that the more liberal rule should be followed which restricts plaintiff, in his proof and recovery, to the specific acts alleged, and relieves the defendant from the burden of exculpating himself from any other acts of negligence than those alleged, but which does not, so far as those particular acts of negligence are concerned, deprive plaintiff of the benefit of the doctrine of *res ipsa loquitur.* This conclusion is based, pri-

marily, upon the fact that admittedly the rule, as enforced in this state, is not without qualification, for in *Connor* v. *Atchison, T. & S. F. Ry. Co., supra,* it is said: "However, where the explanation leaves it doubtful as to whether or not the ultimate cause of the injury is the negligence of the party charged, it is proper to instruct the jury as to the *res ipsa loquitur* doctrine." (*Zerbe* v. *United Railroads of San Francisco,* 56 Cal. App. 583 [205 Pac. 887].) And again, in *Roberts* v. *Sierra Ry. Co., supra,* wherein it is held that notwithstanding allegations of specific acts, the presence of additional allegations of general negligence justifies the application of said doctrine. Secondly, we find nothing in the holding or the reasoning of any of the three cases relied upon by appellant which conflicts with the liberal rule we believe was intended to be declared and followed.

The case of *Connor* v. *Atchison, T. & S. F. Ry. Co., supra,* was one wherein the judgment was reversed, not because the trial court instructed the jury that the doctrine of presumed negligence did apply, but because of its refusal to instruct the jury that such doctrine did not apply; and such doctrine did not apply for the obvious reason that the statement of plaintiff's cause of action and the proof offered in support thereof showed that the accident was caused by negligent acts which did not give rise to the doctrine of *res ipsa loquitur.* In *Marovich* v. *Central California Traction Co., supra,* five specific acts of negligence were charged in the complaint. A verdict was awarded to plaintiff. Upon appeal it was held that there was no evidence whatever offered in support of one of those alleged acts; although two of the others were proved, the court held, as matter of law, that neither constituted negligence; and of the remaining two the court said that there was no sequential relationship between them and the injury. The giving of the instruction upon presumed negligence was therefore erroneous because it allowed the jury to base its verdict upon some element of damage not pleaded, and perhaps not proved.

The case of *McKeon* v. *Lissner, supra,* was reversed mainly because it was alleged that the injuries were received as a result of the failure of defendants to keep an elevator and the apparatus for operating the same in order and re-

pair; whereas the proof showed, that the proximate cause of plaintiff's injuries was the failure to have the hallway leading to the elevator properly lighted and that act of negligence was not pleaded. It therefore appeared that the verdict was doubtless rendered against the defendant, under the doctrine of *res ipsa loquitur,* for a specific act of negligence with which defendants were not charged in the complaint, and which, if true, did not give rise to the application of that doctrine.

Analyzing the record of the case at bar in the light of the three cases last above mentioned, we do not find present here any of the reasons which there invoked the operation of the rule and caused the reversals therein. Here the specific acts of negligence charged were that the car was operated at an excessive and dangerous rate of speed and without warning of its approach; the proof, so far as our attention has been called, was confined to those specific acts; appellant was not called upon to meet any other act of negligence than those alleged in the complaint. Notwithstanding the giving of the two instructions upon the doctrine of *res ipsa loquitur,* the trial court, in other instructions, clearly stated to the jury the specific acts of negligence alleged in the complaint, and which plaintiff would be required to establish before she was entitled to a verdict. Its instructions as to acts of negligence were restricted to the specific acts alleged. Later, it instructed the jury as follows: "The burden of proof rests upon plaintiff to establish the negligence alleged in the complaint by a preponderance of evidence. If, therefore, you find that the evidence does not preponderate in favor of the plaintiff upon the issue of negligence, I instruct you that the plaintiff has not made out a case and your verdict must be in favor of defendant, United Railroads of San Francisco. If you find that the evidence as to negligence on the part of the defendant, United Railroads of San Francisco, does not preponderate in favor of the plaintiff, but is equally balanced both in weight and quality, I instruct you that the verdict must be in favor of the defendant United Railroads of San Francisco." And again in the following language: "In civil cases, and, of course, you understand this is a civil case, the affirmative of the issue must be proven. The affirmative here is upon the

plaintiff as to all affirmative allegations of the complaint. Upon the plaintiff, therefore, rests the burden of proof of such allegations.''

In the case of *Connor* v. *Atchison, T. & S. F. Ry. Co., supra,* the situation was different. There ''no instruction was given to the jury defining negligence or informing them that for the plaintiff to recover it must be shown that the injuries received by him were the proximate result of the negligence of the defendants nor was any instructions given upon the measure of damages.'' It is therefore manifest, we think, that the jury in the instant case could not have based its verdict against appellant upon any other act or acts of negligence, real or imaginary, than those alleged and proved; and, as before stated, the sufficiency of the evidence to sustain the verdict is admitted, counsel for appellant, in their closing brief saying: ''At the outset of this reply brief we desire to state that no contention has heretofore been made nor is any contention now made that the evidence is insufficient as a matter of law to justify the verdict.'' In this regard the case is clearly distinguishable from *Marovich* v. *Central California Traction Co., supra,* because there, as above pointed out, the evidence was held to be entirely insufficient, upon any one of the five specific acts alleged, to justify a verdict for the plaintiff. In the present case, if the elements of violated signals, or defective brakes or other equipment, or any other independent specific act of negligence had become an issue, a different situation might be presented. True, there was some evidence offered by respondent to the effect that the motorman abandoned his post, but such evidence cannot be considered as showing an independent act of negligence; it was merely incidental to and directly connected with the charge that the car was operated at a careless and dangerous speed. Appellant was consequently not required to exculpate itself from any acts of negligence other than those alleged. The instant case, in this respect, is not analogous to *McKeon* v. *Lissner, supra,* for there, as stated in the opinion, ''the defendants were brought into court upon notice that they were charged with negligence in respect of the repair of the elevator, and in no other respect whatever. They were never notified that any other or different claim would be

made against them.   Under these circumstances, to tell the
jurors, after the close of the trial, that if they should find
that the defendants were negligent in the matter of lighting
the hallway they should return a verdict for plaintiff, would
be to authorize a verdict against the defendants upon a
claim against which they had never been called upon to
defend themselves.   This, in effect, is what was done by
the giving of the *res ipsa loquitur* instructions.   If plain-
tiff desired to rely upon this additional claim of negligence,
she should have notified the defendants thereof by pleading
it in her complaint.   (*Cary* v. *Los Angeles Ry. Co.*, 157
Cal. 599, 603 [21 Ann. Cas. 1329, 27 L. R. A. (N. S.) 764,
108 Pac. 682]:)''   **[3]**   Furthermore, it must be conceded that
the doctrine of *res ipsa loquitur* relates merely to the proba-
tive force of evidence.   It does not dispense with the necessity
of evidence of defendant's negligence.   In other words, the
presumption merely aids the plaintiff in the discharge of
his burden.   (6 Thompson on Negligence, sec. 7641, and
cases cited.)   From proof of certain facts presumptions
may arise, but those presumptions are merely evidence, like
other proof in the case, and when the case is finally sub-
mitted to the jury, weighing presumptions, proofs, and
all the evidence, the burden of proof is still upon the plain-
tiff to establish affirmatively the negligence of the defend-
ant.   (*Wiley* v. *Bondy*, 23 Misc. Rep. 658 [52 N. Y. Supp.
68].)   In the case at bar the trial court, as heretofore
shown, fully instructed the jury upon the question of burden
of proof.   For the reasons stated, it must be held that
respondent was entitled to the application of the rule of
*res ipsa loquitur*, in so far as the specific acts of negligence
alleged in the complaint were concerned, and it appearing
from the state of the record before us that the verdict of
the jury was not based upon any other act of negligence
than those alleged, that no error was committed in the
giving of said instructions complained of.

**[4]**   Appellant also objects to instruction XIV, wherein
it was stated that proof of injury to a passenger casts the
burden of proof upon the carrier alone.   In view of the
language in *Connor* v. *Atchison, T. & S. F. Ry.*, *supra*,
that where the explanation leaves it doubtful as to whether
or not the ultimate cause of the injury is the negligence

of the party charged, it is proper to instruct the jury as to the *res ipsa loquitur* doctrine, we think the instruction complained of was properly given, and that the instruction did not have the effect, as appellant contends, of compelling appellant to overcome or disprove negligence by a preponderance of evidence. (*McCurrie* v. *Southern Pac. Co.,* 122 Cal. 561 [55 Pac. 324]; *Osgood* v. *Los Angeles Ry. Co.,* 137 Cal. 280 [92 Am. St. Rep. 171, 70 Pac. 169]; *Roberts* v. *Sierra Ry. Co., supra.*) It related merely to the establishment of a *prima facie* case. Upon the subject of burden of proof the jury was fully instructed, as the instructions heretofore quoted will show.

[5] Instruction XV is attacked for the alleged reason that said instruction assumed there was an absence of evidence showing that the death of decedent was caused without negligence on the part of appellant. While this form of instruction, if standing alone, might be subject to criticism (*Scarborough* v. *Urgo,* 191 Cal. 341 [216 Pac. 584]), the fault therein disappears when it is read with the other instructions, and all are considered together. (*Boa* v. *San Francisco etc. Ry. Co.,* 182 Cal. 93 [187 Pac. 2].) And besides, the form of instruction here given has been in several cases expressly upheld. (*Murray* v. *United Railroads,* 49 Cal. App. 462 [193 Pac. 596].)

The contention is also made that the court erred in giving instruction LI, claiming that it was an instruction upon a question of fact. In the case of *Runnels* v. *United Railroads,* 175 Cal. 528 [166 Pac. 18], the court said that "the duty of stopping, looking and listening made incumbent upon one about to cross the right of way of a steam railroad is not the rule governing the rights of foot passengers and vehicle drivers in venturing upon, crossing, or using the tracks of a street railroad." When the instruction complained of is read in connection with instruction XXXIII, it is entirely free from the vice asserted.

[6] The final contention of appellant is that error was committed because counsel for respondent was allowed to ask certain questions of the motorman of the car involved in the accident, relative to reasons for his leaving the employment of the appellant company. Counsel for appellant had already elicited from the witness the evidence that he

had left appellant's employ ''of his own accord,'' and respondent's counsel therefore claimed the right to cross-examine him upon the subject. Assuming that there was transgression committed by respondent's counsel in this respect, we think it was not serious, in view of the fact that the court later, at appellant's request, with the consent of respondent, fully instructed the jury to disregard the entire matter.

The judgment is affirmed.

Tyler, P. J., and St. Sure, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 1, 1925.

Myers, C. J., Waste, J., and Lennon, J., dissented from the order denying a hearing in the supreme court.