CHARLES F. PITCHER *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.    September 27, 1921. — November 26, 1921.

Present: RUGG, C.J., DE COURCY, CARROLL, & JENNEY, JJ.

*Negligence,* Employer's liability, Street railway. *Practice, Civil,* Charge to jury.

At the trial of an action against a street railway company for personal injuries received by a conductor in charge of one of its cars when, by reason of defective braking apparatus, the car ran off the track, across a street pavement, over a curbing and against a building, there was evidence warranting findings that the accident was caused by a defective condition of the braking apparatus, that the day before the accident the car had been "turned in" twice

because of the condition of the braking apparatus, that on the day of the accident the car had been in use since seven o'clock in the morning, that. on two previous trips on that day the braking apparatus had worked properly but that, on the trip on which the accident had occurred, the brakes had not worked properly; that the accident occurred at about ten o'clock in the morning. The judge in substance charged the jury that, while the defendant was not an insurer of the plaintiff's safety, its duty was to exercise ordinary care and prudence in furnishing him with a car safe for use and in keeping it in a safe condition to work upon, and applied the instructions to the evidence and the issues involved in the case with particular reference to the condition of the car on both days. The jury found for the plaintiff. *Held,* that

(1) Even if it had been found that the car became "unsuitable and unsafe while it was on the road" on the day of the accident and before notice of its condition had come to the defendant, it could not properly have been ruled as a matter of law that the plaintiff could not recover, as it could also have been found that the condition might have been caused by the negligent act or failure to act of the defendant in the way in which the repairing was done on the previous day;

(2) The instructions given were substantially correct and were not open to the objection that they did not deal with the law governing the responsibility of the defendant with sufficient fulness;

(3) A finding was warranted that the defendant had negligently furnished the plaintiff with a "dangerous and improper car upon which to perform his work" in that the car had defective air and hand brakes and "defective electrical apparatus insufficient to stop said car;"

(4) A finding was warranted that the "street car and the brakes and machinery connected therewith were . . . negligently allowed . . . to be in an unsafe, dangerous and unsuitable condition;"

. (5) Findings were warranted that the defendant had failed to provide the plaintiff with a reasonably safe and suitable car; and that it was negligent in failing to discover or remedy a defect therein;

(6) It would not have been proper to have ruled as a matter of law that there was no evidence that the defendant had any notice of a defect in the car, if a defect existed, and that without proof of such notice and a failure to repair the plaintiff could not recover.

TORT for personal injuries received by the plaintiff when an electric street car of the defendant, upon which he was employed as a conductor, ran off the track, over a curbing and against a building, the declaration as amended containing four counts, it being alleged in the first count that the cause of the accident was careless, negligent and unskilful operation of the car, the cause alleged in the second count being a defect in the condition of the ways, works and machinery connected with and used in the business of the defendant, that alleged in the third count being that the defendant furnished the plaintiff with a trolley car upon which there were defective air brakes, a defective hand

brake and defective electrical apparatus insufficient to stop the car, and the allegation of the fourth count being that the defendant negligently allowed the car and the brakes and machinery connected therewith to be in an unsafe, dangerous and unsuitable condition, of which the plaintiff had received no caution, notice or instruction. Writ dated July 11, 1919.

In the Superior Court the action was tried before *O'Connell,* J. Material evidence and requests by the defendant for rulings and instructions are described in the opinion. A verdict for the defendant upon the second count of the declaration was ordered by the judge. Those portions of the charge to the jury referred to in the opinion were as follows:

"So far as the second and third counts are concerned, it was the duty of this defendant company to furnish this conductor with a safe and suitable car to work in. They are not absolute insurers of his safety, but it is their duty to exercise the care that the ordinarily careful and prudent employer would exercise toward his servants to furnish them with a suitable car, and not only to furnish him with a safe and suitable car but to keep that car in a safe condition. As I have said, they are not absolute insurers of safety, but they are bound as a matter of law to exercise the care and diligence that the ordinarily careful and prudent employer would exercise to furnish and keep for him constantly a safe and suitable car to work on.

"Now, was this car under all the circumstances a safe and suitable car? If you find it was not when this accident occurred then you come to the question, Did the defendant exercise the care the ordinarily careful and prudent employer would exercise in furnishing him with a safe and suitable car.

"If you find they did furnish him with a safe and suitable car, did they allow that car to become in a dangerous condition as set forth here in the fourth count. Because, gentlemen, they have not only the duty in the first place of exercising reasonable care, the care of the ordinarily careful and prudent employer to furnish their employees with safe and suitable cars to work on, but they have further to keep those cars in a safe condition, that is, they are charged with exercising the care of a careful and prudent employer to do that. . . .

"If you find the car was not a safe and suitable one under all

the circumstances you come to the consideration of the question whether or not the employer through its servants and agents through whom it does business, whether they exercised the care of the ordinarily careful and prudent employer in furnishing such a car. If they did not exercise the care of the ordinarily prudent and careful employer, then they would be negligent in that respect, and if the accident was due to their failure to furnish a suitable car, and you further find there was negligence in providing a suitable car, then the plaintiff is entitled to recover.

"Now, it is in evidence here as to the condition of the car and its condition the day before, and it is in evidence here that because of the condition in which the car was, as I remember it, in this, in some respect to the brakes — but whatever it is is for you to say, that the car was sent to the car barn twice. And you have the evidence here as to the time at which it was taken out the following morning by this conductor and motorman, and evidence of the number of trips they made before this accident occurred somewhere in the vicinity of nine o'clock that morning.

"Now, as I have said, they are not only bound to furnish him with a car but they are bound to exercise the care of the ordinarily careful and prudent employer to keep that car in good condition of repair. Did they on that day put the car in good condition? . . .

"If you find that the plaintiff has satisfied you by a fair preponderance of the testimony that he was injured either by reason of the careless and negligent and improper management and control of that car by the motorman or that he was injured by reason of the defendant failing to provide him with a safe and suitable car to work upon, as I have already said to you, or that he was injured by reason of the failure on the part of the defendant to exercise the care of the ordinarily careful and prudent employer to keep that car in safe condition, then he is entitled to recover."

The jury found for the plaintiff in the sum of $4,620; and the defendant alleged exceptions.

*C. C. Milton,* for the defendant.

*J. C. Donnelly,* for the plaintiff.

JENNEY, J. The plaintiff, who was in the employ of the defendant as a conductor and who was injured by the derailment of the car upon which he was at work, brings this action to recover the damage sustained by him. The case is here upon the defendant's

exceptions, all of which are waived except such as relate to its liability by reason of the condition of the car.

It was admitted that the defendant was not insured under the workmen's compensation act; and that the negligence of the plaintiff, his assumption of risk, and the negligence of a fellow employee were not grounds of defence. St. 1911, c. 751, Part I, § 1. G. L. c. 152, § 66.

The evidence was sufficient to warrant the jury in finding that, shortly before ten o'clock in the forenoon, the car came down Main Street in Worcester going at the rate of about twenty-five miles an hour, jumped the switch at Thomas Street, went across the pavement, over the curbing and against a building with sufficient force to cause substantial damage; that immediately afterwards the air gauge in the car had a pressure of between thirty-five and forty pounds, although a pressure of "at least sixty or eighty pounds" was required properly to apply the brakes on the car. The motorman had been signalled to stop at Thomas Street, and there not being sufficient compressed air to apply the brakes for that purpose, reversed the power but could not stop by that means, and could not apply the hand brake because it was stuck so tight he could not move it; when the car got to the switch, which was wide open, it rode right through on to the pavement.

From the testimony of the motorman, it could have been found that on the day before the accident the car had been "turned in" twice because something was the matter with the brake-rod and brake-chains and because when the compressed air was applied the brake did not work properly so as to "catch the bolt and so throw it along;" that the brakes had not worked properly on the trip on which the accident occurred; and that at the time of the derailment the "air brakes, hand brake and the [compressed] air was wrong." The car had been in use on that morning since around seven o'clock. On two previous trips made on that day, the brakes had worked properly.

In substance, the judge instructed the jury that while the defendant was not an insurer of the plaintiff's safety, its duty. was to exercise ordinary care and prudence in furnishing him with a car safe for use and in keeping it in a safe condition to work upon. This instruction carefully was applied to the evidence and

the issues involved in the case with particular reference to the condition of the car on both days.

The defendant's contention of error in the charge is wholly based on the ground that it did not deal with the law governing the responsibility of the defendant with sufficient fulness; to the same purport is its exception saved at the end of the charge, which is as follows: "The defendant excepts to what the court said in his charge with respect to the duty of the defendant to furnish a safe and suitable car and to keep the car in a safe and suitable condition, and especially excepts to the portions of your Honor's charge where you state that it was the duty of the defendant to keep the car for the plaintiff in a safe and suitable condition. The defendant requests the court, in view of the court's charge, to rule that if the car became unsuitable and unsafe while it was on the road and before any notice of its condition had come to the defendant there can be no recovery because of the unsafe and unsuitable condition of the car, and I make this last request calling attention to the court to what I have in mind, that your Honor has not fully stated to the jury what the law is, and except to the refusal."

If it be assumed, without intimation to that effect, that the exception at the end of the charge was properly taken, there was no error even if it was found that the car became "unsuitable and unsafe while it was on the road" and before notice of its condition had come to the defendant. It could not have been ruled rightly that the plaintiff could not recover for that reason, as the condition might have been caused by the negligent act or failure to act of the defendant on the previous day. As matter of law it could not be attributed solely to something happening on the day of the accident. A cause existing before that day may have resulted in an unsuitable and unsafe condition while the car was upon the road. We think that the instructions given were substantially correct, and were not open to the objections made. *Ford* v. *Fitchburg Railroad,* 110 Mass. 240. *Griffin* v. *Boston & Albany Railroad,* 148 Mass. 143.

The remaining exceptions are to refusals to instruct the jury, and may be classified as follows:

1. To order a verdict in its favor upon the third count of the declaration which alleged that the defendant had negligently

furnished the plaintiff with a "dangerous and improper car upon which to perform his work" in that the car had defective air and hand brakes and "defective electrical apparatus insufficient to stop said car."

2. To direct a verdict for the defendant upon the fourth count which alleged that the "street car and the brakes and machinery connected therewith were . . . negligently allowed . . . to be in an unsafe, dangerous and unsuitable condition."

3. To rule that there was no evidence that the defendant failed to provide the plaintiff with a reasonably safe and suitable car; or that it was negligent in failing to discover or remedy any defect therein.

4. To rule that there was no evidence that the defendant had any notice of a defect in the car, if a defect existed, and that without proof of such notice and a failure to repair the plaintiff cannot recover.

Plainly these requests could not have been given. The evidence warranted a finding that the brakes were defective at the time of the accident; that the car on the previous day had been out of repair because of the defective condition of its brakes and brake-chains, and because the air-brakes did not work properly; and that although it twice had been sent in for attention and repair, the defects had not properly been remedied. Such findings would have justified the conclusion that the defective condition of the car was known to the defendant, and that the failure to remedy or prevent its recurrence was negligent. *Griffin* v. *Boston & Albany Railroad, supra. Hull* v. *Berkshire Street Railway,* 217 Mass. 361. Such findings did not require the conclusion that the defects came into existence on the morning of the accident through causes then first operating; nor were they as consistent with the absence of negligence as with its existence.

The exceptions must be overruled.

*So ordered.*